IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE H. BARR,

    Plaintiffs,

V.

                        Case No.

MERCANTILE ADJUSTMENT
BUREAU, LLC, a New York limited
liability company,

    Defendant.

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Plaintiff BRUCE H. BARR ("BARR") is an individual and a resident of this State and is authorized by law to bring this action.

4. Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, is a limited liability company organized under the laws of the State of New York with its principal place of business in the State of New York located at 6390 Main Street, Suite 160, Williamsville, New York 14221.  [Hereinafter, said Defendant is referred to as "MAB"].

5. All violations of the FDCPA alleged herein occurred in the State of Florida.

6. MAB committed tortious injury in the State of Florida.

7. MAB conducts business in the State of Florida.

8. MAB is subject to the jurisdiction and venue of this Court.

9. MAB may be served by personal service upon its registered agent in the State of Florida: NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston, Florida 33331.

10. Alternatively, MAB may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Florida: 6390 Main Street, Suite 160, Williamsville, New York 14221.

11. Alternatively, MAB may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Florida or New York.

## FACTUAL ALLEGATIONS

12. MAB uses the mails in its business.

13. MAB uses telephone communications in its business.

14. MAB's principal business purpose is the collection of debts.

15. MAB regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

16. MAB is a debt collector subject to provisions of the Fair Debt Collection Practices Act.

17. MAB communicated with BARR, a Florida resident, in MAB's attempts to collect a debt allegedly due from BARR to a business not a party to this litigation.

18. In or around August through October 2010, MAB, by and through its agents, left voice messages for the Plaintiff requesting a return call.

19. In the voice messages left for BARR, MAB failed to provide meaningful disclosure of the caller's identity.

20. In the voice messages left for BARR, MAB failed to state that MAB is a debt collector attempting to collect a debt.

21. In MAB's initial communication, MAB failed to disclose that the communication was an attempt to collect a debt.

22. In MAB's initial communication, MAB failed to disclose that the communication was from a debt collector.

23. In MAB's initial communication, MAB failed to disclose that any information obtained from BARR would be used for the purpose of collecting a debt.

24. In MAB's subsequent communications, MAB failed to disclose that the communications were from a debt collector.

25. MAB did not send any written communication to BARR within five (5) days of the initial oral communication.

26. MAB has never sent any written communication to BARR.

27. MAB's actions were knowing and intentional.

28. As a result of MAB's actions, BARR has suffered actual damages in an amount to be proven at trial.

29. MAB's communications and actions violate the FDCPA.

30. BARR will incur costs for filing and serving this action.

31. BARR has retained counsel and agreed to pay a reasonable fee.

32. BARR is entitled to recover the costs and reasonable attorney fees incurred in this action.

33. The Plaintiff has complied with all conditions precedent to bring this action.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.

34. Plaintiff BARR re-alleges and incorporates herein by reference Paragraphs 1-33 above.

35. MAB's acts constitute intentional violations of the FDCPA.

36. MAB's violations of the FDCPA include, but are not limited to, the following:

37. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

38. Placing telephone calls without providing meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

39. Using a false, deceptive, or misleading representation or means in the connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

40. Using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

41. Failing to disclose in the initial communication that the communication was from a debt collector, that the communication is an attempt to collect a debt, and that any information obtained would be used for the purpose of collecting a debt, in violation of 15 U.S.C. § 1692e(11);

42. Failing to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

43. Failing to send the required written notice to the consumer within five (5) days of the initial oral communication with a consumer, in violation of 15 U.S.C. § 1692g(a).

44. As a direct and proximate result of MAB's actions, Plaintiff BARR suffered damages and is entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

45. WHEREFORE, Plaintiff BARR respectfully demands the following relief:

   a. That this Court enter judgment against the Defendant for violations of the FDCPA;

   b. That this Court find each and every defense raised by the Defendant to be without merit;

   c. That this Court award the maximum statutory damages of $1,000.00;

   d. That this Court award actual damages in an amount proven at trial;

   e. That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

   f. That this Court award such other and further relief as is just and proper.

Respectfully submitted,

/s/ Adam J. Knight
Adam J. Knight
Florida Bar No. 69400
Attorney for Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street
Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net